UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULAINE ANDERSON | CIVIL ACTION |
| v. | No. 14-446 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION "F" |

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Background

This is an insurance coverage dispute arising out of property damaged during Hurricane Isaac.

Julaine Anderson's house located at 4924 Dreux Avenue in New Orleans was damaged when Hurricane Isaac hit southeast Louisiana on August 29, 2012. Anderson filed a claim with State Farm Fire & Casualty Company, her homeowner's insurer, to recover under the homeowner's policy for wind and water damage and other covered losses. State Farm adjusted the claim and paid the plaintiff some amount less than $63,000.00, which was an estimate submitted by Gulfcoast Estimating Services.

Anderson sued State Farm in state court, alleging that State Farm arbitrarily adjusted and undervalued her damage claim; she seeks damages and statutory penalties. Paragraph 34 of the state court petition states:

Upon information and belief, the value of this claim is

1

>less than $75,000.00, with penalties and attorney fees, but exclusive of interest and costs. Plaintiff and undersigned counsel stipulate that they will not amend these pleadings to seek greater than a $75,000.00 total award, including penalties and attorneys fees, but exclusive of interest and costs. Plaintiff and undersigned counsel further stipulate that they renounce any right to enforce any judgment amount over and above $75,000.00, exclusive of interest and costs.

On February 26, 2014 State Farm timely removed the suit to this Court, invoking the Court's diversity jurisdiction. The plaintiff now requests remand.

I.

*A.*

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See <u>Jernigan v. Ashland Oil, Inc.</u>, 989 F.2d 812, 815 (5th Cir.), <u>cert. denied</u>, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988). "Because removal raises significant federalism concerns, the removal statute is strictly construed." <u>Gutierrez v. Flores</u>, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." <u>Id.</u>

*B.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To

2

exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332.  The only dispute here is whether the amount-in-controversy requirement is met.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal.  See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). Louisiana law requires that a plaintiff include "no specific amount of damages" in her prayer for relief. LA. CODE CIV. PROC. art. 893.[1] When the plaintiff has, therefore, alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount.

---

[1] "[I]f a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. Proc. art. 893.

Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).  "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to prove "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."  Luckett, 171 F.3d at 298.  If the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint.  Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* Marathon Oil Co. v. Ruhgras, 145 F.3d 211, 214 (5th Cir. 1998), *rev'd on other grounds,* 526 U.S. 574 (1999).

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995); see

4

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.")). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

## II.

The plaintiff here did not assert an amount in controversy in her original petition. Thus, the defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In her petition, Anderson sought damages "in an amount that will fully compensate [her] for all damages...including penalties, attorney's fees and costs...." Anderson states that State Farm made some payments to her, but it is unclear what total amount was paid; it was less than $63,000, which she suggests was the damage estimate submitted by an independent adjuster. The defendant contends that from these allegations, in particular Anderson's statement that she seeks to recover for mental anguish as well as statutory penalties, it is facially apparent that the damages claimed exceed $75,000. But from the petition, there is no way to know the quantum of the plaintiff's damages. The plaintiff

does not even suggest how much her policy limits are, or how much State Farm paid. Although the plaintiff seeks to recover several types of damages, including penalties, the Court cannot conclude from the petition whether the plaintiff's damages are likely to be more or less than $75,000.

Nor does the defendant submit summary judgment type evidence relevant to the amount in controversy. The defendant relies on the $63,000 estimate and speculates that, with damages for mental anguish, penalties, and attorney's fees, the amount in controversy requirement is satisfied. But there is no evidence supporting $63,000 as the appropriate baseline, particularly considering that State Farm has paid some unspecified amount to the plaintiff. Mere conclusions fall short of meeting the burden to show the amount in controversy; the amount in controversy remains ambiguous.

With her motion to remand, the plaintiff submits an Irrevocable Stipulation and Renunciation, dated January 20, 2014 (before removal), signed by the plaintiff and her attorney, and notarized, in which she "irrevocably renounce[s] and forfeit the right to collect more than $75,000.00 plus awarded interest and awarded judicial costs from any judgment in this matter regardless of the amount of the judgment"; "I stipulate that I do not seek and will not seek to recover damages of any description (including though not limited to consequential damages, contractual damages, statutory penalties, and attorneys fees) in excess of $75,000.00,

exclusive of judicial interest and awarded court costs. I understand that I am bound by this stipulation and will be bound by this stipulation in any event."

The defendant disputes whether the Court can consider the stipulation, noting that the plaintiff submitted it for the first time with her motion to remand, and not with her petition. It is suspect, the defendant insists, that the plaintiff failed to submit this stipulation before removal. Contrary to the defendant's contention, the Court may consider this affidavit for limited purposes in determining the amount in controversy where, as in this case, the petition is ambiguous concerning the amount in controversy at the time or removal. ANPAC, 988 F.2d at 565.

In support of its position that the amount in controversy exceeds the jurisdictional threshold, the defendant has only appealed to the text of the plaintiff's petition. It has not sustained its burden of showing, by a preponderance, that the amount in controversy is greater than $75,000.[2] Because the defendant has not met its burden, the Court need not consider

---

[2] The Court notes that if the amount in controversy actually is greater than $75,000, the defendant will have the opportunity to remove the case after it receives a document from which it can first ascertain that the case has become removable. 28 U.S.C. § 1446(b)(3). Further, if the plaintiff's Irrevocable Stipulation and Renunciation is indeed a ruse for forum manipulation, rather than a true renunciation of damages exceeding $75,000, the equitable exception to the one-year time limit on removal in diversity cases may apply. Tedford v. Warner-Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003).

whether the plaintiff has made a showing that it will not collect more than $75,000 to a legal certainty.

Because the Court lacks diversity jurisdiction, the plaintiff's motion to remand is GRANTED.[3]  The case is hereby remanded to the Civil District Court for the Parish of Orleans.

                              New Orleans, Louisiana, April 16, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] The plaintiff's request for attorney's fees is not warranted; the plaintiff should have filed the irrevocable stipulation with her state court petition to avoid any appearance of forum manipulation.